No. 18,640.

CHARLES W. STARK et al., *Appellants,* v. CASPER D. SHIELDS et al., *Appellees.*

HEADNOTE BY THE REPORTER.

SPECIFIC PERFORMANCE—*Oral Agreement for Maintenance—Insufficient Evidence.* The evidence was insufficient to show any contract or agreement on the part of the deceased to convey the land in controversy to appellants in consideration of personal and other services to be performed by them.

Appeal from McPherson district court; CHARLES E. BRANINE, judge. Opinion filed February 7, 1914. Affirmed.

*P. J. Galle,* of McPherson, *Martin Lyons,* and *Edward J. White,* both of Kansas City, Mo., for the appellants.

*G. F. Grattan, J. M. Grattan,* and *F. O. Johnson,* all of McPherson, for the appellees.

*Per Curiam:* There was abundant evidence to warrant the conclusion that no oral contract on the part of Samuel D. Shields to convey the land in controversy to his niece and her husband, in consideration of personal and other services to be performed, ever existed. The case differs from the Anderson case (*Anderson v. Anderson,* 75 Kan. 117, 88 Pac. 743), and those which have followed it, in that satisfactory proof of a contract was not produced. The trial court so found and the finding is conclusive against the prayer for specific performance.

The pleadings and the proof were that the claimants were tenants of the land, bound to the payment of rent, but that they were at liberty to install such improvements as they desired. The improvements which they did make were not such as to compel a court of equity to cause the land to go with them, and the equitable rights of the plaintiffs in that regard were satisfied by

the judgment in their favor for the value of the improvements.

There was substantial evidence that the plaintiffs kept an account of and charged Shields for his board. If this were not true, equity would scarcely deprive a landowner of his land, worth many thousands of dollars, because he boarded a few years with his tenants. Any claim for board and any claim for other valuable services performed should have been presented to the probate court for allowance in the usual way.

It is not necessary that the court should enter upon an extended discussion of the evidence. It is satisfied that substantial justice has been done, and the judgment of the district court is affirmed.